## Supervision of Title Insurance Companies by Insurance Department

SAYLOR, Deputy Attorney General, March 8, 1934.—You have asked to be advised as to the scope of your powers and duties in supervising and examining title insurance companies and the title insurance departments of companies possessing and exercising other corporate powers.

We shall state your inquiries and answer them in turn, as follows:

I

Are title insurance companies to be supervised pursuant to the provisions of the banking laws or pursuant to the provisions of the insurance laws?

There are no banking laws which have to do with the supervision of title insurance companies, as such. The Banking Act of June 15, 1923, P. L. 809, by virtue of which the Department of Banking had jurisdiction over companies

engaged in the title insurance business, was repealed by the Department of Banking Code, approved May 15, 1933, P. L. 565.

Section 201 of the Department of Banking Code, naming the corporations and persons subject to the supervision of the Department of Banking, provides, inter alia, as follows:

"However, when any corporation subject to the supervision of the Department of Banking shall also engage in a title insurance business, a mortgage guarantee business, or any other business subject to the supervision of the Insurance Department, such branch of its business shall not be subject to the supervision of the Department of Banking."

Section 2 of the Act of May 17, 1933, P. L. 798, adds to The Insurance Department Act of May 17, 1921, P. L. 789, the following:

"Section 221. Supervision of Title Insurance Companies by the Insurance Department.—The Insurance Department shall have the power and duty to supervise, examine, and regulate all corporations possessing the power to insure owners of real property, mortgagees, and others interested in real property from loss by reason of defective titles, liens, and encumbrances, to the same extent and in the same manner as such power and duty has heretofore been conferred and imposed by law upon the Department of Banking and the Secretary of Banking of this Commonwealth, and all powers, rights, privileges, and duties, heretofore by any law of this Commonwealth conferred or imposed upon the Secretary of Banking or the Department of Banking in relation to such corporations, are hereby transferred to, and conferred and imposed upon, the Insurance Department, but if any such corporation has the additional power to receive money for deposit or safe-keeping or to act as fiduciary or to engage in any other business under the supervision of the Department of Banking, the Insurance Department shall not have the power to supervise, examine, or regulate any part of the business of such corporation where such part of its business is under the supervision of the Department of Banking."

This section gives to the Insurance Department the powers and duties with respect to title insurance companies formerly placed with the Department of Banking. It is an amplification of the provisions of section 101 of The Insurance Department Act, which is likewise amended by the Act of May 17, 1933, to extend the definition of the word "company" to include "corporations possessing the power to insure owners of real property, mortgagees, and others interested in real property from loss by reason of defective titles, liens, and encumbrances"—companies usually known as "title insurance" companies.

Such companies are now subject to the same supervision by the Insurance Department as are other types of insurance companies named in The Insurance Department Act. Such supervision is exercised pursuant to the insurance laws of the Commonwealth and not to the banking laws, but it is subject to the exceptions contained in section 221 of The Insurance Department Act.

## II

Does supervision by your department embrace companies having title insurance departments but likewise functioning as banks and trust companies?

The qualifying clause at the end of section 221 of The Insurance Department Act of 1921, as amended, reads as follows:

". . . but if any such corporation has the additional power to receive money for deposit or safe-keeping or to act as fiduciary or to engage in any other business under the supervision of the Department of Banking, the Insurance Department shall not have the power to supervise, examine, or regulate any

part of the business of such corporation where such part of its business is under the supervision of the Department of Banking."

It does not relieve the Insurance Department of responsibility for the supervision of the title departments of companies functioning also as bank and trust companies or as trust companies. It merely limits supervision by your department to the title insurance branch or department of such companies, and leaves the other parts of their business under the supervision of the Department of Banking.

If it had been the legislative intent to exclude the title departments of such companies from supervision by the Insurance Department, it would have done so in plain language. The addition of the words "where such part of its business is under the supervision of the Department of Banking" is clear indication of the intent to reserve to that department supervision over the business of receiving money for deposit or safe-keeping or acting as fiduciary or conducting business other than that of title insurance.

Section 221 of The Insurance Department Act of 1921, as amended, must be read together with the provisions of section 201 of the Department of Banking Code, referred to in the course of our discussion of your first inquiry.

Clearly the title insurance business of bank and trust companies and trust companies must be supervised by your department and not by the Department of Banking. In exercising that supervision, you may require the same reports and make the same examinations of the title insurance department of a bank and trust company or a trust company as you do in the case of a company engaged only in the title insurance business, subject to limitations hereinafter stated.

For practical procedure, you may arrange with the Department of Banking to make your examination of the title insurance business of an institution under its supervision concurrently with the examination made by that department.

### III

Is your supervision over the title insurance department of a bank and trust company or a trust company limited to its title insurance reserve fund or does it include the duty to examine and require reports on its general assets?

The Act of April 26, 1929, P. L. 834, requires all title insurance companies to create and maintain a reserve for policies of title insurance issued by them. Section 1 (*a*) provides, inter alia, as follows:

"That all companies heretofore or which may hereafter be incorporated for the insurance of owners of real estate, mortgages, and others interested in real estate, from loss by reason of defective titles, liens, and encumbrances, as well as all title insurance and trust companies receiving deposits, heretofore incorporated and authorized by charter or by law to carry on said business, shall, from and after the approval of this act, establish and maintain a reserve fund for the protection of policy holders, in the manner herein provided."

This act applies not only to companies which restrict their activities to the writing of title insurance, but also to companies which, while functioning principally as bank and trust companies or trust companies, maintain title insurance departments.

Section 1 likewise provides for the establishment, maintenance, custody, and investment of the reserve fund and its supervision by the Secretary of Banking.

Section 1 (*f*) provides as follows:

"Reserve Fund to Be a Trust Fund.—It is the intent and purpose of this section that the reserve fund hereby directed to be set aside shall constitute a separate and distinct trust fund for the protection of policy holders, and shall

not be subject to distribution among depositors or other creditors, until all policy holders have been paid in full, or the liability on the policies contingent or actual has been completely discharged."

Section 1 (g) provides:

"Reinsurance by Secretary.—In the event of the secretary's taking possession of and winding up any company, the secretary is authorized, if it shall seem advisable and practicable to him, to use the reserve fund to purchase reinsurance for the liabilities represented by the policies outstanding against such fund. Acceptance of the policy of the reinsuring company shall operate as a complete discharge of liability under the policy of the insolvent company. Should any policy holder refuse to accept the policy of the reinsuring company, he shall only be entitled to receive the pro rata portion of his reserve that shall remain upon distribution, as set forth in clause (h) of this section."

The reserve fund so established is, under the provisions of subsection (h) of section 1 of the 1929 act, when in the custody of the Secretary of Banking, liable for payment of only the following claims:

"One. To pay all outstanding claims of indemnity that have arisen by virtue of any policies of insurance.

"Two. For the purchase of reinsurance to indemnify and protect the remaining outstanding policies.

"Three. To distribute among policy holders, upon cancellation of their policies, the proportionate share of the reserve fund to which they are entitled, which shall in no case exceed the proportion which the premium paid for any such policy may bear to the whole amount of title insurance then outstanding."

The reserve fund may be used by a title insurance company, whether or not its business be limited to title insurance, only to pay claims arising out of losses under title insurance policies issued by it. If the fund be insufficient for that purpose, such claims would be claims against the general assets of the company.

That fact, however, does not in our opinion require you to make an examination of, and call for reports from, a bank and trust company or trust company concerning its general assets. Section 201 of the Department of Banking Code imposes this duty upon the Department of Banking. Section 221 of The Insurance Department Act above referred to does not change this requirement. If there is a claim against an institution under a title insurance policy which cannot be paid out of the reserve fund, it would be paid out of the general funds of the institution. Reports to and examination made by the Department of Banking should show whether or not the institution is solvent and able to pay its claims. You have the right to determine whether any title insurance claims are unpaid. You have the duty to ascertain if the reserve fund for title insurance is established and maintained as required by the Act of April 26, 1929, P. L. 834. You have no duty to go beyond that and examine general assets of the institution or any of its business not relating specifically to title insurance.

IV

Do you have the power and duty to supervise the mortgage guaranty and fiduciary business of title insurance companies?

Section 201 of the Department of Banking Code gives to that department the power to supervise, among others, "all corporations which are authorized to act or which do act in this Commonwealth as trustees, guardians, executors, administrators, or in other fiduciary capacities, including banks, bank and trust companies, trust companies".

Any company which has the power to act or which acts as a fiduciary in this Commonwealth is under the supervision of the Department of Banking. Under

the qualifying clause of section 221 of The Insurance Department Act, as amended, above discussed, supervision over that portion of a title insurance company's affairs which involves the fiduciary business is denied to your department.

The power to guarantee mortgages was heretofore possessed by companies organized under the General Corporation Act of 1874 as title insurance companies. It was given to them by the Act of June 1, 1907, P. L. 382, no. 275, which authorized and empowered them "to guarantee the payment of the principal and interest of bonds secured by mortgage upon real estate, and to make and execute such contracts and policies as may be required therefor".

This act was repealed by section 1602 of the Banking Code. Section 1021 of that law provides as follows:

"Prohibition upon Guaranteeing Mortgages.—A bank, a bank and trust company, or a trust company shall not, in any manner whatsoever, guarantee the payment of the principal or the interest of bonds or other obligations secured by mortgages upon real property.

"This section shall not, however, be construed to affect contracts and policies guaranteeing the payment of the principal or the interest of bonds or other obligations secured by mortgages upon real property, when such contracts and policies have been lawfully executed by a bank, a bank and trust company, or a trust company, and are valid and outstanding upon the effective date of this act, or any continuation, extension, or renewal thereof."

All State banking institutions from the effective date of the Banking Code, July 3, 1933, have been prohibited from guaranteeing mortgages.

There is nothing in the law prohibiting a "title insurance" company not doing business as a bank, bank and trust company, or trust company from continuing in the mortgage guaranty business. That power still exists. Under what, if any, supervision may it be exercised?

The Department of Banking has no supervision over the surviving mortgage guaranty business of an institution under its supervision. The final paragraph of section 201 of the Department of Banking Code provides as follows:

"However, when any corporation subject to the supervision of the Department of Banking shall also engage in a title insurance business, a mortgage guarantee business, or any other business subject to the supervision of the Insurance Department, such branch of its business shall not be subject to the supervision of the Department of Banking."

The Department of Banking had and now has no jurisdiction over that type of business of a nonbanking institution. See our opinion to the Secretary of Banking dated June 25, 1930, Mortgage Guarantee Companies, 14 D. & C. 766, wherein we advised that a mortgage guaranty company not having the power to receive and receiving money on deposit or for safe-keeping was not under the supervision of the Department of Banking.

Section 661 of The Insurance Company Law of 1921, as amended by the Act of June 22, 1931, P. L. 613, provides, inter alia, as follows:

"Every surety company, to be qualified to so act as surety or guarantor, must be authorized, under the laws of the State or country where incorporated and its charter, . . . to guarantee the performance of contracts other than insurance policies, . . ."

Thereafter follows a list of requirements a company must meet in order to do business of that character in this Commonwealth.

Section 202 (c) 1 of The Insurance Company Law provides for the incorporation of domestic casualty insurance companies for the purpose, among others, of "guaranteeing the performance of contracts, other than insurance policies".

Domestic and foreign casualty companies which engage in the business of guaranteeing mortgages are subject to your department's supervision pursuant to the provisions of The Insurance Department Act. Logically, there is no reason why the mortgage guaranty business of domestic companies organized as "title insurance" companies should not likewise be under its supervision. While the legislature has not seen fit to give the Insurance Department that power in specific language, the phraseology of section 221 of The Insurance Department Act, as amended, indicates that all the business of a title insurance company, except its banking or fiduciary business, is under the supervision of the Insurance Department. It reads:

"The Insurance Department shall have the power and duty to supervise, examine, and regulate all corporations possessing the power to insure owners of real property, mortgagees, and others interested in real property from loss by reason of defective titles, liens, and encumbrances . . . ."

Section 101 of The Insurance Department Act of 1921, as amended by the Act of May 17, 1933, P. L. 798, specifically includes such companies, namely, "title insurance" companies, in the definition of companies over which your department has jurisdiction.

It is our opinion that you have no power and duty to supervise the fiduciary business of any company or the mortgage guaranty business of institutions under the supervision of the Department of Banking. You do have the power and duty to supervise the mortgage guaranty business of title insurance companies not under the supervision of the Department of Banking.

### V

Should you seek appointment as liquidator of the title insurance department of a bank and trust company or a trust company now in possession of the Secretary of Banking, whether or not it has a title insurance reserve fund?

Section 511 of The Insurance Department Act, as amended by the Act of May 17, 1933, provides as follows:

"Liquidation of Title Insurance Companies Partially under Supervision of Department of Banking.—The Insurance Commissioner may be appointed, in accordance with the provisions of this article, as liquidator of the title insurance business of any company which also has the power to transact any class of business under the supervision of the Department of Banking. The Insurance Commissioner shall promptly notify the Department of Banking of his appointment as liquidator of any such company.

"Upon receipt of notice from the Secretary of Banking that, as receiver, he has taken possession of any such company, the Attorney General may procure the appointment of the Insurance Commissioner as liquidator of the title insurance business of such company in accordance with the provisions of this article."

It is clear from this language that it is optional with the Attorney General whether or not you should be appointed liquidator of the title insurance business of any company having the power to transact other classes of business under the supervision of the Department of Banking. There is, therefore, no obligation on your part to seek appointment as liquidator of the title insurance business of such institutions as have passed into the possession of the Secretary of Banking.

A bank and trust company now in possession of the Secretary of Banking is entirely in his hands, whether or not it maintained a title insurance department. The general assets of the institution are available, first, for the payment of depositors thereof, and, secondly, for the payment of creditors. Included among creditors would be parties holding claims by virtue of losses arising under title

insurance policies. The Secretary of Banking must accept such claims for filing and make payment thereon pursuant to decree of court, following the payment of all depositors in full.

There is no way by which the general assets, even after payment of depositors in full, could be divided with respect to various claims and be delivered over to you to pay title insurance claims.

On the other hand, the title insurance reserve fund established by such institution pursuant to the Act of 1929 may be used to reinsure the title insurance business of the defunct bank and trust company or trust company, as provided by the Act of June 12, 1931, P. L. 566, which gives this power to the Secretary of Banking. If this be done, there should be filed in the court having jurisdiction over the affairs of the closed institution a certificate as required by the latter act. The fund may then be used in the interests of parties holding title insurance policies or claims based upon such policies.

Section 221, above quoted, transfers to you the powers given by the Act of 1931 to the Secretary of Banking.

There is no duty on your part to ask the court to substitute you for the Secretary of Banking with respect to such title insurance reserve. There is no right on your part to be appointed as liquidator of any other assets of the closed institution.

## VI

Should general investments of title insurance companies and title insurance reserves be valued on the basis approved by the Secretary of Banking or on that adopted by you for insurance companies?

We understand that the Secretary of Banking has established a system of valuing assets of institutions under his supervision, based upon their character and past history rather than upon current market values.

You advise that you permit companies under your supervision to carry assets at values established by the National Convention of Insurance Commissioners, rather than at current market values.

It is our opinion that you may permit any title insurance or banking institution to carry investments in its title insurance fund at values permitted by you in conformity with the practice adopted by the National Convention of Insurance Commissioners. You may permit a company engaged solely in the title insurance or mortgage guaranty business to carry at such values securities comprising its general assets.

The general assets of companies doing a title insurance business subject to the supervision of the Secretary of Banking should be carried at such values as are established by the Secretary of Banking. You have neither the authority nor duty to fix a valuation thereon.

### Summary

Therefore, you are advised that:

1. Title insurance companies must be supervised pursuant to the provisions of the insurance laws.

2. Supervision by your department embraces the title insurance business of corporations having title insurance departments but which likewise function as banks and trust companies.

3. Your supervision over the title insurance department of a bank and trust company or a trust company is limited to its title insurance reserve fund and does not include the duty to examine and require reports on its general assets.

4. You have the power and duty to supervise the mortgage guaranty business of title insurance companies not under the supervision of the Department

of Banking, but you have no power and duty to supervise the fiduciary business of any such companies.

5. It is not your duty to be substituted for the Secretary of Banking as receiver of the title insurance business of a banking institution in his possession, whether or not it has a title insurance reserve fund.

6. You have no authority to fix a valuation basis for general assets of companies doing a title insurance business but subject to the supervision of the Secretary of Banking; you may permit corporations with title insurance reserves to carry investments therein at values fixed by the National Convention of Insurance Commissioners.　　　　From C. P. Addams, Harrisburg, Pa.